UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

Lawanda J. Marcum, )
    Plaintiff; )
)
-vs.- ) No. CV 97-P-2147-W
)
State of Alabama Department of Mental )
Health and Mental Retardation, et al., )
    Defendants. )

**FILED** 98 MAY 18 PM 12:23 U.S. DISTRICT COURT N.D. OF ALABAMA

**ENTERED** MAY 19 1998

Opinion

Defendants' Motion to Dismiss was considered by the court at its December 5, 1997 motion docket. For the reasons expressed below, Defendants' motion is due to be granted in part and denied in part.

Statement of Facts[1]

This action under the Americans With Disabilities Act ("ADA") and the Rehabilitation Act arises out of plaintiff Lawanda Marcum's ("Marcum") employment with the State of Alabama Department of Mental Health and Mental Retardation ("the Department") at the Department's Partlow Development Center in Tuscaloosa, Alabama. Also named as individual defendants are Larry D. Pierson ("Pierson"), the director of residential services at Partlow, and Brenda Reynolds ("Reynolds"), the center's personnel director.

Marcum is employed as a mental health worker and provides direct care to Partlow clients. Marcum alleges that she is a "qualified individual with a disability." Medical problems that contribute to Marcum's disability include obesity, hypertension, asthmatic bronchitis, severe

---

1. The recitation of "facts" is based upon the materials submitted viewed in the light most favorable to the Plaintiff.

osteoarthritis, hyperlipidemia, heart problems, and chronic pain in many joints. According to Marcum's complaint, defendants originally accommodated Marcum's disability by assigning her to a position that did not require her to work overtime. Subsequently, defendants transferred Marcum to another position. The new position was more difficult, aggravated Marcum's medical problems, and included physical requirements that increased Marcum's pain. As a result of the transfer to the more difficult position, Marcum was more frequently absent from work and suffered loss of income and loss of sick leave. Marcum also suffered mental anguish and emotional distress. Subsequently, Marcum was returned to her former position.

After filing a charge with the EEOC and obtaining a right to sue letter, Marcum filed this action pursuant to the ADA and the Rehabilitation Act, seeking compensatory damages from the Department and compensatory and punitive damages from the individual defendants, as well as attorneys' fees and costs.

### Analysis

#### I. Claims Against Individual Defendants

In the Eleventh Circuit, supervisory employees may not be sued individually for ADA violations. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).

Plaintiff's counsel has conceded that supervisory employees may not be sued individually under the Rehabilitation Act, and that the Eleventh Circuit's decision in *Mason* establishes a similar rule under the ADA. Accordingly, Marcum's claims against individual defendants Pierson and Reynolds are due to be dismissed.

#### II. Claims Against the Department

At oral argument of defendants' motion in December 1997, the court expressed its

2

intention to grant the Department's motion to dismiss, based upon the court's determination that the terms of the Eleventh Amendment immunized the Department--an agency of the State of Alabama--from suit under the ADA. At that time, no decision by the Court of Appeals for the Eleventh Circuit provided guidance on this issue. However, on April 30, 1998, the Eleventh Circuit issued its decision in *Kimel v. Florida Board of Regents*, concluding that Congress's enactment of the ADA was a valid exercise of its enforcement powers under Section 5 of the Fourteenth Amendment and served to abrogate Eleventh Amendment immunity. Nos. 96-2788, 96-3773, and 96-6947, 1998 WL 210593, at *15 (11th Cir. Apr. 30, 1998). In light of *Kimel*, defendants' motion to dismiss plaintiff's claims against the Department is due to be DENIED.

Dated: May 18, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Ms. Nancy S. Jones
    Mr. Paul Whitehurst